UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CARLOS MOORE,

        Plaintiff,

v.

LYDELL SHERER, et al.,

        Defendants.

Civil No. 07-3703 (JLL))

**OPINION**

**APPEARANCES**:

    CARLOS MOORE a/k/a CHABLIS MONROE, #346971C, Plaintiff Pro Se
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625

**LINARES**, District Judge

    Plaintiff Carlos Moore, a prisoner currently confined at New Jersey State Prison, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  The Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from Plaintiff's prison account and to forward same to the Clerk of the Court, when funds exist; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(a), (b).  Having reviewed Plaintiff's allegations, at this time, the Court will dismiss the Complaint without prejudice to the filing of an amended complaint.

## BACKGROUND

Plaintiff asserts violations of his constitutional rights under 42 U.S.C. § 1983 against Lydell Sherer, Administrator of Northern State Prison, and Correctional Medical Services ("CMS"), arising from his incarceration at Northern State Prison in Newark, New Jersey. Plaintiff asserts the following facts which must be regarded as true for the purposes of this review. Plaintiff asserts that CMS stopped giving him his medication in December 2005. Plaintiff alleges that, although he begged the psychologist to send the medication with him when he went on a court trip, he received no medication from December 2005 through February 2006. Plaintiff asserts that he began experiencing paranoia as a result of the absence of medication, and that he felt as if his life was in danger. Plaintiff alleges that he eventually walked off the Mental Health Unit through six checkpoints to the loading dock. He asserts that he tried to escape by climbing under a cargo truck. Plaintiff further alleges:

> Institution failed to check security camera of loading dock area and to search under cargo vehicle properly. The negligence of CMS and the improper maintenance of Northern State Prison premises led to an accident in which prisoner broke his left leg in three places, broke his left wrist, sustained 2 inch diameter hole in right hip and ruptured [illegible] right shoulder. Despite numerous sick call slips, prisoner never received more than 10 minutes physical therapy in the course of a year.

(Compl. ¶ 6.)

For relief, Plaintiff seeks damages and injunctive relief directing CMS to provide physical therapy to regain use of his leg and knee. (Compl. ¶ 7.)

**LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, _ U.S. _, _, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).  However, a court should not dismiss a complaint with prejudice for failure to state a claim without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

## DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Corr. Facility, 318 F.3d 575,. 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)). If so, the Court then determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000). This Court liberally construes Plaintiff's Complaint as attempting to state two Eighth Amendment claims, i.e., failure to protect and deliberate indifference to serious medical needs.

**A. Eighth Amendment Failure to Protect**

"The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments: they cannot be 'cruel and unusual.'" Rhodes v. Chapman, 452 U.S. 337, 345 (1981). The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. See Rhodes, 452 U.S. at 346, 347. To state a claim under the Eighth

5

Amendment, an inmate must satisfy an objective element and a subjective element.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Prison officials have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of the inmates."  Farmer, 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-7 (1984)).  To prevail on a failure to protect claim under 42 U.S.C. § 1983 against an individual, an inmate must show that he is "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant was deliberately indifferent to the risk.  See Farmer, 511 U.S. at 833, 837.  To establish deliberate indifference, a plaintiff must show that the individual was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it.  See Farmer, 511 U.S. at 837; Natale, 318 F.3d at 582.  "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware."  Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).  Knowledge may be shown where the official has actual notice of the risk, Nami v. Fauver, 82 F.3d 63, 67-8 (3d Cir. 1996), or where the risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it," Farmer, 511 U.S. at 842.

To hold a supervisor liable under the Eighth Amendment for failure to properly supervise, "the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that:  (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the

supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." Beers-Capitol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001); see also Brown v. Muhlenberg Tp., 269 F.3d 205, 216-217 (3d Cir. 2001); Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.1989). The supervisory liability test can be met by "(i) showing that the supervisor failed to adequately respond to a pattern of past occurrences of injuries like the plaintiff's, or (ii) showing that the risk of constitutionally cognizable harm was 'so great and so obvious that the risk and the failure of supervisory officials to respond will alone' support finding that the four-part test is met." Beers-Capitol, 256 F.3d at 136-137 (quoting Sample, 885 F.2d at 1118).

In the instant Complaint, Plaintiff complains that he was injured when he left the Mental Health Unit of Northern State Prison, walked through six security checkpoints to the loading dock, and climbed underneath a cargo truck. He asserts that Lydell Sherer, the Administrator, violated his rights under 42 U.S.C. § 1983 by "improperly maintaining the premises of prison [which] led to plaintiff's injuries." (Compl. ¶ 4.b.) Plaintiff's Eighth Amendment claim against Sherer fails, however, because failing to properly monitor checkpoints and properly search underneath a cargo truck constitute negligence and negligence does not satisfy the deliberate indifference standard. See Farmer, 511 U.S. at 835 ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of [cruel and unusual] punishment"); Davidson v. Cannon, 474 U.S. 344 (1986) (holding that prison official's negligent failure to protect inmate from assault by another inmate because official "mistakenly believed that the situation was not particularly serious" does not state a claim under § 1983); Daniels v. Williams, 474 U.S. 327 (1986) (holding that inmate who was injured when he slipped on a pillow that was negligently

7

left on the stairs by deputy sheriff does not state claim under § 1983). Moreover, the facts alleged in the Complaint do not show that the risk to Plaintiff was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it," Farmer, 511 U.S. at 842. Nor do Plaintiff's allegations establish Sherer's liability as a supervisor. Accordingly, the Court is constrained to dismiss the failure to protect claim against Lydell Sherer for failure to state a claim upon which relief may be granted. See Farmer, 511 U.S. at 841-5; Davidson, 474 U.S. 344; Daniels, 474 U.S. 327.

**B. Eighth Amendment Medical Care**

To establish a violation of the Eighth Amendment right to adequate medical care, a prisoner "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003); see also Estelle v. Gamble, 429 U.S. 97 (1976). A medical need is serious if it has been diagnosed by a physician as requiring treatment, or "if unnecessary and wanton infliction of pain, . . . results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.'" Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003) (quoting Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)). At this stage of the litigation, the Court finds that Plaintiff's need for psychoactive medication, and his need for physical therapy, could qualify as serious medical needs. See Inmates of the Allegheny County Jail v. Pierce, 612 F. 2d 754, 763 (3d Cir. 1979) (finding that necessary psychological or

psychiatric treatment for inmates with serious mental or emotional disturbances satisfies serious medical need standard); Durmer v. O'Carroll, 991 F. 2d 64, 67 n.7 (3d Cir. 1993) (considering need for physical therapy a serious medical need).

To survive dismissal, however, a plaintiff must also show that the defendant was deliberately indifferent to the risk. An official may be found deliberately indifferent where he "knows of and disregards an excessive risk to inmate health or safety." Natale, 318 F.3d at 582 (quoting Farmer, 511 U.S. at 837 ). "Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest." Id. In addition, deliberately delaying necessary medical care when the delay causes an increased risk of harm constitutes deliberate indifference that is actionable. Id. at 347; see also Estelle v. Gamble, 429 U.S. 97 (1976); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

In this case, Plaintiff sues CMS as an entity, rather than one if its employees, for deliberate indifference to his serious medical needs for psychoactive medication and physical therapy. CMS cannot be found liable under 42 U.S.C. § 1983 simply because it employs a wrongdoer. See Natale, 318 F.3d at 583; see also Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691-92 (1978). In order for an entity such as CMS to be liable, plaintiff must

show that the entity had a relevant policy or custom, and that the policy or custom caused the constitutional violation. See Natale, 318 F.3d at 583-84. A policy is made when a decisionmaker possessing final authority to establish policy with respect to the action issues a policy or edict. Id. at 584. A custom is an act that has not been formally approved by the policymaker but that is so widespread to have the force of a rule or policy. Id.

The unconstitutional acts of an employee of CMS may be deemed to be the result of a custom or policy of CMS, thereby rendering CMS liable under § 1983, under the following circumstances:

> The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the [entity] is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

Natale, 318 F.3d at 584 (citations, internal quotation marks and footnotes omitted).

In this case, Plaintiff alleges that an unspecified person or persons employed by CMS suddenly stopped his prescription medication for three months, and refused to place him back on the medication, even though Plaintiff begged an unnamed psychologist. Plaintiff further asserts that CMS officials have not provided enough physical therapy for his knee and leg injuries. Plaintiff does not assert that CMS had a policy or custom of deliberate indifference to the needs of inmates requiring psychiatric care or physical therapy; nor does he allege that a policymaker for CMS was deliberately indifferent to his medical needs. His allegations do not support an

inference that CMS is liable for an unconstitutional act of an employee.  Under these circumstances the Complaint, as written, fails to state a claim for violation of the Eighth Amendment and § 1983 against CMS.  See Dubois v. Vargas, 148 Fed. Appx. 111, 113-14 (3d Cir. 2005).

      However, the Court is mindful that a district court may not dismiss a pro se complaint without either granting leave to amend or concluding that any amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 116 (3d Cir. 2000).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  Shane, 213 F.3d at 115.  In this case, it is conceivable that Plaintiff may be able to file an amended complaint showing that a policymaker for CMS and/or one or more employees of CMS were deliberately indifferent to his serious medical needs, or that a policy or custom of CMS caused Plaintiff's injuries.[1]  The dismissal of the Eighth Amendment inadequate medical care claim will, therefore, be without prejudice to the filing of an amended complaint stating a cognizable Eighth Amendment medical care claim under 42 U.S.C. § 1983.  If Plaintiff files an amended complaint within 45 days of the date of the entry of the Order accompanying this Opinion, then this Court will reopen the file in order to screen the amended complaint for sua sponte dismissal.

---

[1] If Plaintiff files an amended complaint, he may elect to name as defendants the individuals who were allegedly involved in the wrongdoing.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs").

11

## **CONCLUSION**

      This Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice to the filing of an amended complaint within 45 days.

                                       /s/ Jose L. Linares
                                       **JOSE L. LINARES, U.S.D.J.**

Date:   September 3, 2007