NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
CARLOS MOORE,                          )
                                       )
            Plaintiff,                 )
                                       )    Civil Action No.: 07-3703 (JLL)
      v.                               )
                                       )         OPINION
CORRECTIONAL MEDICAL SERVICES,         )
LUDICYMA GLAZMAN, and                  )
GEORGE HAYMAN,                         )
                                       )
            Defendants.                )
_____)

**LINARES, District Judge.**

This matter comes before the Court on the motion [CM/ECF #54] of Defendant Correctional Medical Services ("Defendant" or "CMS") to dismiss the Second Amended Complaint of Carlos Moore ("Plaintiff" or "Moore"). Also before the Court at this time is the motion of CMS [CM/ECF #68] to strike Moore's sur-reply. For the reasons set forth in this Opinion, the motion of Defendant to dismiss is granted in part and denied in part, and the motion to strike Moore's sur-reply is denied.

### INTRODUCTION

Moore is presently detained at New Jersey State Prison in Trenton. He alleges that a CMS employee, Dr. Glazman, ordered a nurse to inject him with an antipsychotic medication different than the one that was prescribed for him, and that as a result Moore was rendered insane. (Sec. Am. Compl. at 5-6.) The specific harm Moore suffered was that he suffered loss of

1

control over his hands and forearms, hallucinations, chest pains, suicidal thoughts, insomnia, and compulsions to eat his own waste and to abuse himself. (Id.) Plaintiff asserts claims against CMS by asserting that CMS employees provided him health care. (Id. at 9.).

Moore's original Complaint was dismissed by this Court for failure to state a claim cognizable under Federal Rule of Civil Procedure 8. (Order of Sept. 3, 2007.) On September 27, 2007, Moore filed an Amended Complaint, and then filed an additional Second Amended Complaint on December 27, 2007. The Second Amended Complaint alleges violations of § 1983 pursuant to Moore's Eighth and Fourteenth Amendment rights, the Rehabilitation Act, the Americans with Disabilities Act (the "ADA"), and the New Jersey Law Against Discrimination ("NJLAD"). On January 22, 2008, Moore was ordered to identify the particular defendants he wished to proceed against, due to differences between the Amended Complaint and the Second Amended Complaint. Moore responded on February 19, 2008, naming the persons against whom he sought to proceed, including, inter alia, CMS. CMS thereafter filed the instant motion, moving to dismiss Moore's claims under either Federal Rules of Procedure 12(b)(6) or 56. As this Court declines to convert the instant motion to one for Summary Judgment, it will address it entirely as a motion to dismiss for failure to state a claim. CMS moves to dismiss Moore's Second Amended Complaint for failure to exhaust his administrative remedies, and failure to state claims with respect to § 1983, the Eight Amendment, the Fourteenth Amendment, the ADA, and the NJLAD.

**DISCUSSION**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable

inferences in favor of the non-moving party.[1] See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the proscriptions of Rule 8 apply to all plaintiffs, when a plaintiff is proceeding pro se, the court must construe the complaint liberally. Altson v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004); U.S. v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (recognizing the courts' "time-honored practice of construing pro se plaintiffs' pleadings liberally"). Moreover, given the disparity in legal sophistication, the court will hold a complaint submitted by a pro se plaintiff to a less exacting standard than one submitted by trained counsel. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519 (1972). With this framework in mind, the Court turns now to Defendant's motion.

**A.      Failure to Exhaust**

Moore must exhaust his administrative remedies as provided at his prison before this

---

[1] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

Court can hear his federal claims. 42 U.S.C. § 1997e(a); Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004). This exhaustion requirement exists regardless of whether the administrative procedures available to the prisoner can offer the relief sought, and the prisoner must pursue the administrative process to completion. Spruill, 372 F.3d at 227-28, 230. Exhaustion is measured against the administrative procedures established at the prison in question. Id. at 231. Although exhaustion is an affirmative defense, and need not be plead by a plaintiff, if an issue of exhaustion is set forth plainly on the papers, it may be addressed on a motion to dismiss. Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 919 (2007); Brown v. Croak, 213 F.3d 109, 111 (3d Cir. 2002).

Here, a detailed examination of the grievance system at New Jersey State Prison is unnecessary, as Moore admits that he did not utilize it, but went around it by filing this suit and sending letters directly to the Commissioner of the New Jersey Department of Corrections. (Moore Aff. of Mar. 18, 2008 ¶¶ 6-9.) Instead of pursuing the formal administrative process required by Congress prior to this Court's exercise of jurisdiction, 42 U.S.C. § 1997e(a), Moore claims that he achieved some relief by bypassing that process. (Moore Aff. of Mar. 18, 2008 ¶ 6-7.) Moore further admits that he did not utilize the grievance system fully, and that he had not received a response to his grievance prior to filing this suit. (Id. ¶ 7.)

The memorandum supplied by Moore, addressed to the inmate population and dated February 5, 2008, details the Inmate Remedy System in place at New Jersey state prisons and requires that inmates exercise their appeal rights within ten days of a response to their grievance. (Id. at 11, 13.) Rather than awaiting a response and filing his administrative appeal according to the Inmate Remedy System, Moore states that he wrote to the Commissioner instead. (Id. ¶ 6.)

4

Moore further asserts that he got no redress from prison authorities until "one month and a half" after this Court ordered his Amended Complaint to be filed, and thus clearly filed this case before his grievance process could have been completed according to the Inmate Remedy System Memorandum. (Id. ¶ 7; Id. at 11, 13.) This Court, therefore, may not hear Moore's federal claims: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Spruill v. Gillis, 372 F.3d at 227. As Moore failed to exhaust his administrative remedies under § 1997e(a), this Court grants CMS's motion to dismiss Moore's federal law claims.

**B.      NJLAD**

Moore alleges that CMS violated the New Jersey Law Against Discrimination because one or more of its employees denied him proper mental health care in New Jersey State Prison. (Sec. Am. Compl. at 4-6, 9.) CMS argues that it did not provide any mental health services at New Jersey State Prison and that a prison is not a place of public accommodation. (Def. Br. at 21-22.)

On a motion to dismiss, this Court must take the well-pleaded facts in a complaint as true, but need not credit "bald assertions." In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1429. Here, Moore has plead his belief that Defendant Glazman worked for CMS and that CMS employees may have denied him appropriate medical care. (Sec. Am. Compl. at 9.) CMS points to documentation beyond the scope of a motion to dismiss concerning the scope of its relationship with New Jersey State Prison. Jordan, 20 F.3d at 1261. While these documents may well show that CMS had no relationship to the mental health services at New Jersey State Prison

5

on summary judgment, this Court declines to convert the present motion to one for summary judgment at this time, and finds that Moore has plead more than bald assertions concerning CMS's relationship to his health care services.

      Similarly, this Court finds CMS's contention that a prison is not a place of public accommodation under the NJLAD to be incorrect.  While prisons do not appear in the statutory list of places of public accommodation, courts interpreting New Jersey law have found that prisons are places of public accommodation under the NJLAD.  This Court has predicted that the New Jersey Supreme Court would find that prisons are places of public accommodation.  Chisolm v. McManimon, 97 F. Supp 2d 615, 621-22 (D.N.J. 2000) rev'd on other grounds, 275 F.3d 315.  This prediction was based upon the utilization of federal discrimination law to interpret the NJLAD by New Jersey Courts, and it is well-settled that the federal ADA applies within prisons.  Chisolm v. McManimon, 97 F.3d 315, 325 (3d Cir. 2001) ("Chisolm II").  The Third Circuit's reversal of Chisolm, in fact, approved of its finding that New Jersey would follow federal law in applying the NJLAD to prisoners.  Chisolm II, 275 F.3d at 324 n.9, 325.  CMS, therefore, is not entitled to a dismissal of Moore's NJLAD claim pursuant to Rule 12(b)(6).

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted with respect to Plaintiff's federal law claims, and denied with respect to Plaintiff's NJLAD claim.  As this Court was not required to reach any of the issues presented in the parties' supplementary briefing, Defendant's motion to strike Plaintiff's sur-reply is denied  An appropriate Order accompanies this Opinion.


DATED: September 29, 2008                                       /s/ Jose L. Linares
                                                                United States District Judge